IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN E. WHITE, #148157, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:09-CV-678-MEF |
| RICHARD ALLEN, *et al.*, | ) (WO) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff John E. White initiated this § 1983 action by filing a form Complaint on July 14, 2009. (Doc. # 1.) The Complaint names as defendants Richard Allen, Commissioner of the Alabama Department of Corrections, John Cummins, warden of Kilby Correctional Facility, and Perry Woods and Victor Napier, correctional officers at Kilby. Plaintiff seeks redress for alleged violations of his due process rights in connection with a hearing that took place at Kilby and over which Officer Woods presided. Plaintiff also makes sundry complaints about prison conditions at Kilby, which he alleges violate rights guaranteed by the 5th, 6th, 8th, 13th, and 14th Amendments to the Constitution of the United States.

The case is presently before the Court on a Motion for Preliminary Injunction (Doc. # 10 1) and a Motion for Temporary Restraining Order (Doc. # 10 2), which Plaintiff filed on July 26, 2009. The Motion for Preliminary Injunction requests that the Court "issue an Order to the defendants forbidding them to continuing make false allegations against the Plaintiff in retaliation for exercising his first amendment rights against the Defendants in this

cause and others within the Alabama Department of Corrections." (Doc. # 10 1.) The Motion contains no further substantiation or argumentation. The Motion for Temporary Restraining Order requests the Court issue a temporary restraining order "against defendants . . . having any direct contact with the Plaintiff." (Doc. # 10 2.) The Motion further states that "because of the Plaintiff's complaint/grievance against these defendants . . . he fears for his life or serious bodily injury from them or their co-workers." (Doc. # 10 2.) The Motion then offers its logical conclusion: because of the risk of irreparable injury, and because defendants have custody of Plaintiff, the Court should issue an order directing Defendants to "transfer Plaintiff to another facility immediately because their official capacity requires direct communication and or contact with the Plaintiff." (Doc. # 10 2.) An accompanying Affidavit lays out the following relevant facts: that Plaintiff is in fear for his life or serious bodily harm from Defendants, and that Defendants have custody over him, which presents "a reasonable probability for retaliation" for filing this action.

A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). "[A] preliminary injunction is an extraordinary and drastic remedy

2

not to be granted unless the movant clearly established the 'burden of persuasion'" as to each of the four prerequisites. *McDonald's Corp.*, 147 F.3d at 1306 (internal citations and quotations omitted).

The Court finds that the Motion for Preliminary Injunction is due to be denied because Plaintiff has failed to clearly establish the burden of persuasion as to at least two of the prerequisites. First, Plaintiff has not shown that irreparable injury will be suffered unless the injunction issues. Plaintiff, both in the Motion and the supporting Affidavit, merely claims that he "fears for his life or seriously bodily injury." (Doc. # 10 2-3.) Plaintiff's submissions contain no facts to support these fears except the existence of this action. Any inference that this case will result in harm to Plaintiff's life or person would be highly speculative; Plaintiff's invocation of "a reasonable probability for retaliation" will not do. Hence, Plaintiff has failed to clearly establish that he will suffer irreparable injury. Moreover, the submissions fail to clearly establish that the threatened injury to Plaintiff outweighs whatever damage the proposed injunction may cause the Defendants. Plaintiff offers no specific information about a threatened injury, so the Court is unable to balance these interests. And Plaintiff bears the burden of clearly establishing the balance weighs in his favor. Therefore, the Motion for Preliminary Injunction is due to be denied.[1]

Federal Rule of Civil Procedure 65 sets forth the applicable restrictions on this Court's

---

[1] The Court also finds that Plaintiff has failed to meet his burden on the potential for success on the merits or on the public policy implications of the requested injunction. The submissions are insufficient to allow the Court to formulate even a tentative or preliminary opinion on these matters, and because Plaintiff bears the burden, these failures are dispositive.

3

ability to grant a temporary restraining order without notice to the opposing party. A Court may grant such an order only if:

> (1) *it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result* to the applicant before the adverse party or that a party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

The Court finds that the Motion for Temporary Restraining Order is due to be denied because it does not clearly appear by any specific facts that Plaintiff will suffer an irreparable injury. The Motion for Temporary Restraining Order relies upon the same supporting affidavit as the Motion for Preliminary Injunction, but itself contains less explication than the Motion for Preliminary Injunction. As discussed more fully above, Plaintiff's submission is devoid of any specific facts other than (1) the existence of this action, and (2) Plaintiff's fears. Again, any inferences from these averments to an irreparable injury would be highly speculative and unsound, and Plaintiff's "reasonable probability" of retaliation manifestly is not a specific fact showing that an irreparable injury will happen. Because Rule 65 does not allow this Court to issue a temporary restraining order without, among other things, specific facts, the Motion for Temporary Restraining Order is due to be denied.

Therefore, it is hereby

ORDERED that the Motions (Doc. # 10) are DENIED.

It is further ORDERED that this case is hereby referred to Magistrate Judge Charles

S. Coody for action or recommendation on all pretrial matters including the pending motion for preliminary injunction.

DONE this the 28th day of July, 2009.

_____
CHIEF UNITED STATES DISTRICT JUDGE